IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[1] WANDA VAZQUEZ-GARCED,<br>[2] JULIO M. HERRERA-VELUTINI,<br>[3] MARK T. ROSSINI,<br><br>**Defendants.** | **CRIMINAL NO.** 22-342(RAM) |

## PROTECTIVE ORDER

Pursuant to Local Rule 83G(g), in accordance with applicable case law, and to protect Defendants' Sixth Amendment right to a trial before a fair and impartial jury of their peers, the Court issues the following order:

**IT IS ORDERED** that from now until the final verdict in this case, the following individuals are enjoined from divulging, talking to, or discussing with, the press, media and public, including without limitation, through social media networks, any information other than that entered without restriction on the docket or disclosed in open court, related to the facts of the captioned case:

1. The United States Department of Justice, United States Attorney, Assistant United States Attorneys, and their staff, employees, agents, and any other person in their office with access to case-related information or facts;

2. Federal Law Enforcement officers and their staff, employees, agents, and any other person in their offices with access to case-related information or facts;

3. The Defendants Wanda Vázquez-Garced, Julio M. Herrera-Velutini, and Mark T. Rossini, their legal counsel, representatives, agents, and staff with access to case-related information or facts; and

4. All potential witnesses, their legal counsel, representatives, agents, and staff with access to case-related information or facts.

The aforementioned individuals shall not give or authorize any extrajudicial statement or interview to any person or persons associated with any public communications media or that a reasonable person would expect to be communicated to a public communications media relating to the trial, the parties or issues in this case which are not a matter of public record and could interfere with a fair trial or prejudice any defendant, the government, or the administration of justice.

Testimony given in grand jury testimony and tapes, or transcripts of tapes, made by any of the above parties prior to this trial are not public information. Statements or information intended to influence public opinion regarding the merits of this case are specifically designated as information which could prejudice a party.

Nothing set forth above shall prohibit any of the above parties from the following:

1. Stating, without elaboration or any kind of characterization whatsoever:
   a. The general nature of the allegations or defenses made in this case;
   b. Information contained in the public record of this case;
   c. Scheduling information;
   d. Any decision made or order issued by the Court which is a matter of public record.
2. Explaining, without any elaboration or any kind of characterization whatsoever, the contents or substance of any motion, step or ruling in the proceedings, to the extent such motion, step or ruling is a matter of public record in this case.

**IT IS FURTHER ORDERED** that all courthouse personnel, including marshals, deputy marshals, guards, court clerks, deputy clerks, law clerks, secretaries, bailiffs, and court reporters shall under no circumstances disclose to any person, without express authorization by the Court, information relating to this case that is not part of the public records of this Court. This order specifically forbids divulging information concerning

arguments and hearings held in chambers of other or otherwise outside the presence of the public.

The parties may seek relief from this protective order under seal for good cause shown. The protective order shall not be interpreted to preclude government or defense investigative efforts and is not intended to prevent the press and media to report, opine, and inform about the case. Nor will the protective order operate to automatically close proceedings or block access to public portions of the record.

This protective order will be in full force once it is entered on the docket until the conclusion of trial. Violations of the protective order will be met with sanctions, including, but not limited to, contempt of Court.

The Clerk of the Court shall notify this Order to the United States Attorney's Office, which shall notify the Order to the Federal Bureau of Investigation and shall instruct its own officers, staff, employees, and agents accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of August 2022.

                                          S/ RAÚL M. ARIAS-MARXUACH
                                          United States District Judge