IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>Plaintiff,   )<br>   )<br>v.   )<br>   )<br>[1] WANDA VAZQUEZ-GARCED,   )<br>[2] JULIO M. HERRERA   )<br>VELUTINI,   )<br>[3] MARK T. ROSSINI,   )<br>Defendants.   )<br>_____   ) | CASE NO. 22-342 (RAM) |

**MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OBTAINING ACCESS TO DOCUMENTS AND FOR FURTHER REMEDY**

**TO THE HONORABLE COURT:**

**NOW APPEARS OSCAR J. SERRANO,** a long-term journalist and attorney who has worked for written and electronic outlets for decades, and very respectfully states and prays as follows:

1. Putative intervenor's instant request relates to a number of documents which the movant understands should properly be part of the public record under the United States Constitution. It also relates to the Court's administration of its Protective Order (Docket No. 27) and of Standing Order 9.

2. The Supreme Court has held that the press and the public's right of access to judicial proceedings in criminal cases is a matter of presumption. "[A] presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). The First Circuit has concluded that the public's right of access extends "to documents and kindred materials submitted in connection with the prosecution and defense of criminal proceedings." *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002) More specifically, "legal memoranda that parties are required to file in conjunction with motions" submitted to the trial court "constitute materials on which a court is meant to rely in determining the parties' substantive rights" and therefore "are subject to both common-law and First Amendment rights of access." Id.

3. Rule 24 of the Federal Rules of Civil Procedure provides two avenues for intervention, intervention as of right and permissive intervention. All requests for intervention, whether permissive or of right, must be "timely." Rules 24(a) and 24(b)(1). The putative intervenor must also show that he/she has an interest related to the pending action and that there is some form of threat to that interest (whether dispositive or not). The putative intervenor must also show that existing parties do not adequately represent his/her interest. Id. Rule 24(b)(3) also requires the Court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

4. It is respectfully submitted that the instant motion satisfies all of these criteria. The interest asserted by movant is of the highest constitutional order, which is cognizable through this Motion to Intervene. Nothing in movant's status as a "non-party" prevents the Court from ruling on the merits of this motion, since it has long been established that non-parties have standing to intervene to secure

access to court documents. This Motion to Intervene would be timely at any time of the proceedings where constitutional harm could be shown but, it is clearly timely now since the Court has yet to hear from two of the three defendants as to objections or requests for modifications of its Protective Order. Remedy sought will not undue delay or prejudice adjudication. And, lastly, it is hardly necessary to demonstrate that neither the United States nor defendants adequately represent the interest asserted by movant for himself as a journalist and for the benefit of the People of Puerto Rico since at any given moment during litigation in this case, those parties' interests might lie in keeping documents secret, as has already happened when the United States submitted an Informative Motion via restricted filing regarding "regarding Potential Violation of Court Order". (Docket No. 52).

5. On August 12th, the Court entered a Protective Order, against the parties and not the press, after noting that "[i]t is evident that the present case has been, and will continue to be, widely publicized." (Docket No.19) And, indeed, this case is of utmost public interest since it deals with actions purportedly carried out by elected officials. Some of those actions might entail manipulation and abuse of the Commonwealth's power to regulate financial institutions which, in itself, is another reason for heightened public interest in the case.

6. While movant does not challenge, at this point, the Court's decision to use its power to regulate the parties' public statements by issuing a Protective Order, it does call attention on the potential for both, the government and defendants, to abuse the order in a way that would upend the press and the public's constitutional right of access to records.

7. Pertinent to movant's requests, the Protective Order prohibits the parties from making "any extrajudicial statement or interview" related to the case, except as to "[i]nformation contained in the public record of this case." (Docket No. 27) At the same time, Standing Order No. 9 established a procedure for the parties to seek the Court's permission to execute restricted filings that would curtail the public's access to documents in the docket. Parties who wish to file in a restricted manner have to "identify the restriction level sought, address the interest to be protected, and indicate why such interest outweighs the presumption of public access". The Court is in no obligation to authorize restricted filings and, in fact, should be mindful that "improper use of the restriction levels module may affect the rights of third parties, such as the press."

8. When, in a case such as this one, the Court has entered a Protective Order, and when parties are constantly and needlessly seeking authorization to file documents with restricted access, an impermissible secret docket might develop. If the press does not have direct access to documents because the Court has allowed restricted filings, but neither can it have statements from parties because the Protective Order prohibits it, facts will be extinguished from public discourse and, in their place, manipulation, speculation and outright lies about these proceedings will thrive. Certainly, this would be a disservice to the societal interest that the Supreme Court wanted to protect when it established a presumption of openness in judicial proceedings. Access to court records facilitate movant's efforts to inform the public of these highly newsworthy events in a timely and comprehensive manner. "Access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby ensuring quality, honesty and respect for our legal system." *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d at 410 (quoting *In the Matter of Continental Ill*. Secs. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984)) (internal quotation marks omitted)

9. The United States' Informative Motion regarding Potential Violation of Court Order (Docket No. 52) is an example of this. In its Motion to Restrict (Docket No. 51), the government merely asserts that restriction is warranted because "the nature of the motion relates to the Protective Order issued by

the Court." This is well below the standard provided for in Standing Order No. 9 that motions to restrict "shall identify the restriction level sought, address the interest to be protected, and indicate why such interest outweighs the presumption of public access." Instead, the statement by the government is the kind of self-fulfilling incantation that movant has seen way too often in other cases in this District and that violate the First Circuit's assertion that "the First Amendment right of public access is too precious to be foreclosed by conclusory assertions or unsupported speculation." *In re Providence Journal*, 293 F.3d at 10 (quoting United *States v. Kirk* (In re Memphis Publ'g Co.), 887 F.2d 646, 648-49 (6th Cir.1989). If the United States' motion is related to a potential violation of a court order by any of the defendants, specially a matter that would require the Court to place a defendant's right of free speech in the balance, the public has a right to know the elements submitted to the Court's consideration and that can only happen if there's open access to the filing. The First Circuit has found a common law right to inspect judicial documents which encompass "materials on which a court relies in determining the litigants' substantive rights." *Id*.

10. This motion practice, if permitted by the Court, has a tendency to go viral and this case's docket is already showing signs of infection. After the government's Informative Motion, defendant Wanda Vázquez Garced has asked the Court to file in a restricted manner a Motion for Extension of Time to respond stating that "[i]n compliance with Court's Order, all matters related to the Protective Order docketed at Docket no. 27 will be filed with restrictions." (Docket No. 58) But nowhere in the Court's Protective Order is a mandate that are matters related to it should be filed with restrictions. Much less, motions as routine as those asking for an extension of time. To the contrary, the order only applies to "extrajudicial statement(s)", so judicial statements, such as those made in motion practice, should not be presumed to be covered by its prohibitions. Defendant Mark T. Rossini also filed in a restricted fashion his response to an earlier Order to Show Cause from the Court. (Dockets No. 62) His Motion to Restrict (Docket No. 61) is similarly lacking in arguments as to why restriction is warranted.

**WHEREFORE**, it is very respectfully requested that the Court: 1) grants movant's leave to intervene, 2) review all restricted filings made by the parties so far in order to ascertain if sealing is warranted, 3) specifically order Dockets No. 52, 58 & 62 be unsealed, such that they may be viewed by the appearing party and the general public, and 4) under its power to fashion remedies for the proper administration of the case, and to avoid unnecessary motion practice in the future, direct the parties, going forward, to file a public redacted version, simultaneously with the sealed version, of any document filed under restrictions or sealed in this matter.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 31st day of August, 2022.

**I HEREBY CERTIFY** that on August 31st, 2022, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which caused the parties, counsel of record, and others on the service list to be served by electronic means

        s/Oscar J. Serrano Negrón
        OSCAR J. SERRANO NEGRÓN
        USDC-PR No. 222107
        503 Calle Elisa Colberg 1501
        San Juan, PR 00907
        Tel.:(787) 505-5429
        ojserrano@hotmail.com