| | |
|---|---|
| **From:** | Robert Eatinger |
| **To:** | Cannon, Nicholas (CRM); Goedman, Menno (NSD); Crosswell, Ryan R. (CRM) |
| **Cc:** | Lily Sanchez; Abbe Lowell |
| **Subject:** | [EXTERNAL] Re: Discovery letter |
| **Date:** | Monday, March 4, 2024 5:11:33 PM |

Good afternoon.

Thank you for acknowledging receipt of the discovery letter and we will await your fuller response. We appreciate that the meeting on January 31, 2024, was held in a secured facility and that Ms. Sanchez and I were required to sign a Non-Disclosure Agreement to view the information in the possession of the government on that date. Those two circumstances do not tell the complete story of whether or not the government made clear the information the defense briefed at that meeting, which is the sole basis for the requests in the discovery letter, was classified. The government was not at all clear the information the defense briefed was classified. Rather, the government's comments were to the contrary.

The discovery letter referred to the information that the defense orally briefed to the government at the January 31, 2024, meeting. As we advised at the meeting, the information that we briefed was based on information already in the possession of our client and not as a result of any government disclosures in this case. In fact, we briefed the government at the meeting using notes that we had brought to the meeting and thus the notes could not have been based on reviewing the document in the government's possession.

Prior to the meeting, we had advised that our briefing would allow the government to determine whether the defense information is of a type that warrants special handling, in which case the parties can work towards a stipulated protective order that will put those special handling requirements in place. After the defense concluded its oral briefing at the meeting, it expressly asked the government for classification guidance on the information it had just briefed. The government did not say, "we believe the information you have just briefed is classified," the government stated it was not prepared to provide guidance on classification. Until your March 1, 2024, email, sent a month after the January 31, 2024, meeting, the government had not provided any classification guidance.

The defense further expressly sought the government's agreement to begin working on a CIPA section 3 protective order that would impose the personnel, information, and physical security requirements relevant for the information the defense had just orally briefed. Rather than discuss whether the government would work with the defense towards a stipulated CIPA section 3 protective order, the government responded that the defense could prepare a section 5 notice on its our own systems. If the government's position is the information the defense briefed was classified, the government would not have told the defense it could prepare any document, let alone a section 5 notice, containing that information on any nonsecure system.

The defense wants to comply with any required security procedures. That was a key purpose for the January 31, 2024, meeting. The defense cannot do so without a CIPA protective order that requires the government to provide the defense with the secure means to do so. The defense remains

willing and available to work towards a stipulated CIPA protective order that not only applies to any classified information disclosed by the United States in the case, but also to information possessed by the defense that was not disclosed by the United States.

On behalf of Lily, Abbe, and myself, thank you,
Bob

---

**From:** Cannon, Nicholas (CRM) <Nicholas.Cannon2@usdoj.gov>
**Date:** Friday, March 1, 2024 at 1:44 PM
**To:** Robert Eatinger <reatinger@eatingerlaw.com>, Goedman, Menno (NSD) <Menno.Goedman@usdoj.gov>, Crosswell, Ryan R. (CRM) <Ryan.R.Crosswell@usdoj.gov>
**Cc:** Lily Sanchez <lsanchez@thelsfirm.com>, Abbe Lowell <ADLowell@winston.com>
**Subject:** RE: Discovery letter

Good afternoon,

Today we received via email your discovery letter dated February 29, 2024. While we expect to provide a more detailed response at a later date, we wanted to note that your letter erroneously states that "the government has indicated [to] the defense that the information the defense briefed to it on January 31, 2024, is neither classified nor sensitive, and that a CIPA protective order was unnecessary." (See Defense Discovery Letter, February 29, 2024, p. 2).

No one from the government has made that representation. To the contrary, the meeting on January 31, 2024, was held in a secured facility due to the classified nature of the information that would be shared, and Ms. Sanchez and Mr. Eatinger were required to sign a Non-Disclosure Agreement to view the information in the possession of the government on that date. We made it clear that the information we provided was, in fact, classified material. We have not indicated anything otherwise in our brief communications with you since then.

Additionally, much of the information you shared with the government overlapped with the contents of the information that was disclosed to you. Accordingly, the government maintains that this information is likely classified as well and should not be disclosed publicly or outside of a secured facility without proper authority.

We will respond to your letter more formally at a later date.

Thank you,
Nick/Menno/Ryan

Nicholas W. Cannon
Trial Attorney

United States Department of Justice
Criminal Division | Public Integrity Section
Phone: (202) 514-8187
Cell: (202) 308-5778
Email: Nicholas.Cannon2@usdoj.gov

---

**From:** Robert Eatinger <reatinger@eatingerlaw.com>
**Sent:** Friday, March 1, 2024 7:30 AM
**To:** Goedman, Menno (NSD) <Menno.Goedman@usdoj.gov>; Cannon, Nicholas (CRM) <Nicholas.Cannon2@usdoj.gov>; Crosswell, Ryan R. (CRM) <Ryan.R.Crosswell@usdoj.gov>
**Cc:** Lily Sanchez <lsanchez@thelsfirm.com>; Abbe Lowell <ADLowell@winston.com>
**Subject:** [Not Virus Scanned] [EXTERNAL] [Not Virus Scanned] Discovery letter

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.
This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Gentlemen,

Please find attached a discovery letter following from our January 31, 2024, meeting. The letter is password protected. I will forward the password to Menno via Signal. A related letter will be transmitted separately.

Best,

*Bob*

Robert J. Eatinger, Jr.

***Robert J. Eatinger, Jr., PLLC***
*A Federal Law Practice | National Security and Intelligence*

■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■

*This electronic message contains information from the law firm Robert J. Eatinger, Jr., PLLC and may be confidential, privileged, proprietary, or otherwise legally exempt from disclosure. It is intended exclusively for the individual or entity to which it is addressed. If you are not the intended recipient, any disclosure, copying, or use of the contents is prohibited. You are not authorized to read, print, retain, copy or disseminate this message or any part thereof. If you are not the named addressee, or if this was sent to you in error, please notify the sender immediately by email and delete all copies of the message and any attachments.*