UNITED STATES DISTRICT COURT
OF PUERTO RICO
CASE NO. 22-CR-00342-SCC-HRV

UNITED STATES OF AMERICA,
    Plaintiff,
v.

MARK T. ROSSINI,
    Defendant.
_____/

**MOTION TO COMPEL SPECIFIC EVIDENCE DESIGNATION OR, ALTERNATIVELY, FOR EARLY DISCLOSURE OF EXHIBIT LIST AND DEMAND FOR *JENCKS* AND *GIGLIO* MATERIAL**

Mark Rossini ("Mr. Rossini" or "Rossini"), through undersigned counsels, and pursuant to Rules 12(b)(4)(B), 16, and 57 of the Fed. R. Crim. P., respectfully submits this Motion Requesting an Order compelling the government to amend its designation of evidence or, in the alternative, to order the early production of the government's exhibit list. The government's current designation, [ECF No. 637], is excessively broad, listing nearly every piece of disclosed material, thus rendering it functionally useless for the defense's pretrial preparation. Without a more specific designation, Mr. Rossini is deprived of the opportunity to effectively assess, challenge, or suppress any particular evidence the government intends to use at trial. Additionally, Mr. Rossini Demands that the government comply with Your Honor's previous Orders and produce *Jencks* Act and *Giglio* material.

This broad and indiscriminate designation raises significant concerns about fairness and transparency in the trial process. By listing vast amounts

1

of irrelevant material alongside key evidence, the government places an undue burden on the defense to sift through millions of pages of discovery without clear direction. This lack of specificity not only hinders the defense's ability to prepare but also risks ambushing the defense with critical evidence at the last minute. To ensure fairness, the Court should require the government to either amend its designation to clarify what evidence it intends to use or, at a minimum, disclose its exhibit list well in advance of trial, so that the defense can prepare without facing undue surprise or disadvantage.

1. **DEMAND FOR JENCKS AND GIGLIO MATERIAL.**

On June 3, 2024, and again on September 13, 2024, this Court ordered the government to disclose *Jencks* Act (18 U.S.C. § 3500) and *Giglio* v. United States, 405 U.S. 150 (1972), materials no later than August 30, 2024. [ECF Nos. 566, 651]. These materials, which include prior statements of government witnesses (*Jencks*) and information affecting the credibility of those witnesses, such as promises, inducements, or impeachment evidence (*Giglio*), are critical to the defense's preparation for trial. While the government did produce a set of documents labeled "Jencks," in keeping with its ongoing pattern of obfuscation, it provided over 1,400 items, all disorganized, without specifying which witness each document pertains to. This scattershot production is not how Jencks material is supposed to be provided; the defense is left to sift through an overwhelming volume of unstructured data, without any guidance on how it relates to the government's witnesses.

This method of disclosure essentially amounts to another data dump, a tactic the government has repeatedly used throughout this case to overwhelm the defense with vast amounts of undifferentiated information. Such a dump is both impractical and prejudicial—it forces the defense to waste valuable time sorting through mountains of disorganized material in an attempt to match statements to witnesses, rather than focusing on meaningful trial preparation. This failure to organize or delineate the material is a clear violation of the government's *Jencks* obligations, which require that witness statements be produced in a manner that allows the defense to use them effectively in preparation for trial.

The Court's directive to provide these materials in a timely and organized manner is essential to ensure that Mr. Rossini's right to a fair trial is upheld. *Jencks* and *Giglio* disclosures are vital for investigating the credibility of government witnesses, developing cross-examination strategies, and assessing the reliability of the evidence. The government's failure to organize the material—compounded by its refusal to confirm whether all *Jencks* materials have been provided—violates not only the Court's order but also the basic principles of fairness. This approach places the defense at a significant disadvantage, undermining our ability to prepare adequately for trial.

The government's continued disorganization and evasion raise serious concerns about its transparency. By dumping over 1,400 unstructured items

3

on the defense and failing to delineate which materials pertain to which witness, the government appears to be deliberately concealing critical information. This tactic risks turning the trial into a game of ambush, with the defense potentially blindsided by crucial witness statements or credibility issues at the last minute.

Given the government's failure to meet the August 30 deadline, its failure to provide organized *Jencks* material, and the concern that critical evidence is being deliberately withheld or obscured, Mr. Rossini respectfully requests that the Court compel the immediate and organized production of all outstanding *Jencks* and *Giglio* materials. Furthermore, the defense requests that the government be barred from using any evidence derived from witnesses whose statements have not been properly and timely disclosed, to prevent undue prejudice and ensure a fair trial.

**2. THE GOVERNMENT'S DESIGNATION OF EVIDENCE IS UNREASONABLY BROAD AND CONTRAVENES RULE 12(B)(4)(B)**.

Rule 12(b)(4)(B) is designed to notify the defense of specific evidence the government intends to use in its case-in-chief, thereby enabling the defense to prepare motions to suppress or exclude evidence. However, the government's designation here is the antithesis of that intent. [ECF No. 637]. Rather than identifying specific pieces of evidence, paragraphs 1-27 of the government's designation broadly reference entire categories of materials, including:

1. "All content" from numerous cellphones belonging to defendants, co-conspirators, and third parties. [ECF No. 637, ¶¶1-10].

4

2. "All content" from various email accounts, including Apple and Google accounts of key defendants. [ECF No. 637, ¶¶1-10].

3. Extensive bank records from various financial institutions, including JPMorgan, HSBC, and Barclays, encompassing the entirety of disclosed banking data related to the case. [ECF No. 637, ¶11].

4. "Records obtained" from numerous individuals and entities that, according to the government, support the facts underlying Counts 1-4 of the Indictment. [ECF No. 637, ¶¶12-23].

5. "All messages," from 2019 and 2020, related to certain meetings and/or interactions. [ECF No. 637, ¶¶26-27].

By designating all evidence obtained from these devices and accounts and all records and messages obtained from specific individuals and related to certain interactions as evidence for trial, the government is effectively including every piece of data disclosed during discovery. This designation makes it impossible for the defense to determine what specific evidence the government will actually use at trial, which is essential for assessing the need for pretrial suppression motions.

In *United States v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008), the court recognized that Rule 12(b)(4)(B) requires the government to provide notice of evidence it intends to use in its case-in-chief, not merely to list broad categories of discovery. The issue in *Vilar* centered on the government's designation of electronic evidence and documents obtained during the

investigation. The court held that broad categories were insufficient because they did not allow the defense to understand what particular items of evidence the government planned to introduce at trial.

Similarly, *United States v. DeLeon*, 428 F. Supp. 3d 698, 711-12 (D.N.M. 2019), made clear that an overly broad designation impairs the defendant's ability to prepare adequately and should be corrected to promote fairness in pretrial litigation. The case involved extensive wiretaps and voluminous recordings, and the government designated nearly all of the intercepted communications as potential evidence. The court found that while the government is not required to provide an exhaustive list of exhibits, its broad designation unfairly prevented the defense from focusing its pretrial efforts on specific evidence.

Here, the government's failure to provide specificity contravenes the core purpose of Rule 12(b)(4)(B). Listing entire datasets, such as "all content from cellphones" and "all banking records," without further refinement is tantamount to a non-designation. The defense cannot effectively prepare motions when left guessing which specific emails, messages, or financial records the government will present as evidence.

### 3. THE VOLUMINOUS NATURE OF THE DISCOVERY MATERIAL AGGRAVATES THE PROBLEM.

The government's discovery is vast—spanning millions of pages, multiple terabytes of phone data, and massive collections of bank records. As outlined in our prior motions [ECF Nos. 453, 561], reviewing and organizing

6

this data is a monumental task for the defense. The inclusion of entire cell phone dumps and email accounts, as designated in [ECF No. 637], imposes an unreasonable burden on the defense to sift through the material and determine what might be used at trial.

For example, Paragraphs 1-10 of the government's designation refer to "all content" from various cellphones and email accounts, including those of Mr. Rossini. These devices contain an enormous amount of personal and irrelevant information, and the lack of specificity regarding which communications or documents the government intends to introduce makes it impossible to prepare effectively for trial. Simply put, the government's designation leaves the defense without a practical or meaningful way to challenge or suppress evidence, as required under Rule 12(b)(4)(B).

### 4. THIS MOTION DOES NOT SEEK TO UNCOVER THE GOVERNMENT'S TRIAL STRATEGY.

Mr. Rossini acknowledges that Rule 12(b)(4)(B) does not require the government to reveal its trial strategy or provide an exhaustive list of every document it may potentially introduce. We are not attempting to force the government to commit to a full exhibit list months before trial. Rather, this motion is aimed at ensuring that the government complies with the rule's core purpose: to provide sufficient notice of the specific evidence it intends to use in its case-in-chief so that the defense can make informed decisions about suppression or exclusion.

In *United States v. Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995), the First Circuit strongly condemned the government's violation of Rule 12(d)(2) (now Rule 12(b)(4)(B)) for failing to notify the defense of its intent to introduce specific evidence, including a telephone and cardboard box, during its case-in-chief. Although the court did not reverse the conviction due to a lack of prejudice to the defendant, it made clear that such governmental violations should not be condoned. The court emphasized the importance of compliance with Rule 12, expressing reliance on district courts to impose appropriate sanctions for noncompliance, such as granting continuances or holding additional suppression hearings. The court even suggested that in cases of bad faith, exclusion of undesignated evidence could be appropriate. While no prejudice was found in this instance, the *Cruz-Paulino* court underscored that the government's disregard for its disclosure obligations undermines the fairness of the trial process and could warrant serious consequences in future cases.

5. **ALTERNATIVELY, THE COURT SHOULD ORDER THE EARLY PRODUCTION OF THE GOVERNMENT'S EXHIBIT LIST TO ENSURE FAIRNESS AND EFFICIENCY IN PREPARATION FOR TRIAL**

Should the Court decline to compel the government to amend its excessively broad designation of evidence pursuant to Rule 12(b)(4)(B), Mr. Rossini alternatively requests that the Court order the government to produce its exhibit list within 30 days, pursuant to Rule 16(a)(1)(E). Given the extraordinary volume of discovery in this case—totaling over 10 million pages,

along with thousands of hours of audio and video files—the defense cannot be expected to prepare adequately without early disclosure of the government's trial exhibits. Under Rule 16(a)(1)(E), the Government is obligated to provide, before trial, three specific categories of documents that are within its "possession, custody, or control," including those it plans to introduce during its case-in-chief. See Fed. R. Crim. P. 16(a)(1)(E); *United States v. Chalmers*, 474 F. Supp. 2d 555, 572–73 (S.D.N.Y. 2007); *United States v. Falkowitz*, 214 F. Supp. 2d 365, 392 (S.D.N.Y. 2002). Therefore, in compliance with Rule 16(a)(1)(E), the Government is required to produce to Defendants, at the very least, all items it intends to present at trial.

In this case, the sheer volume of unorganized and often indecipherable data makes it virtually impossible for the defense to identify the materials that may be used at trial without substantial advance notice. The defense is already under immense strain to sift through these records, and the lack of an early exhibit list would only exacerbate this problem, further jeopardizing Mr. Rossini's right to a fair trial and effective preparation.

Given these circumstances, the early production of the government's exhibit list is not just reasonable but essential to ensuring that the defense has a meaningful opportunity to review the evidence in time to prepare its case and avoid trial by ambush.

6. **THE COURT HAS BROAD DISCRETION TO REQUIRE A MORE SPECIFIC DESIGNATION OR TO ORDER THE EARLY PRODUCTION OF THE GOVERNMENT'S EXHIBIT LIST.**

This Court has broad discretion under both Fed. R. Crim. P. 57(b) and Rule 16 to regulate discovery in a manner that ensures fairness and efficiency in the pretrial process. Rule 57(b) explicitly grants judges the authority to regulate practice in any manner consistent with federal law and local rules. Additionally, the advisory committee's note to Rule 16 underscores that the rule provides the minimum amount of discovery to which the parties are entitled, but it does not limit the Court's discretion to order broader or more specific discovery in appropriate cases.

Courts across the country have recognized their authority to compel the government to provide a more specific designation of evidence when the initial disclosure is overly broad or ambiguous. *See Giffen,* 379 F.Supp.2d at 344 ("[B]ased on the policy concerns of Rule 16 and principles of fairness, it is within a district court's authority to direct the Government to identify the documents it intends to rely on in its case in chief") (citing *United States v. Upton,* 856 F.Supp. 727, 748 (E.D.N.Y.1994) (directing the Government to "provide a list of all documents to be referred to or relied upon by government witnesses"); and *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) (directing the Government "to identify to the defendants those documents it intends to offer, or to use or to refer to in connection with the testimony of any witness, on its case in chief")); *see, e.g., Chalmers,* 474 F.Supp.2d at 572–73 (directing the Government to disclose an exhibit list prior to trial based on, *inter alia,* "the large volume of documents produced by the

10

Government thus far ...."); *United States v. McDonald,* No. 01 Crim. 1168(JS), 2002 WL 2022215, at *3 (E.D.N.Y. Aug. 6, 2002); *see also United States v. Cannone,* 528 F.2d 296, 298 (2d Cir. 1975) ("It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice.").

In this case, the government's designation includes nearly every piece of disclosed material, rendering it virtually impossible for the defense to identify which specific evidence the government intends to use at trial. Such overly broad designations not only undermine the core purpose of Rule 12(b)(4)(B) but also place an undue burden on the defense, making pretrial preparation inefficient and incomplete.

It is difficult to imagine that the government genuinely believes its current designation—which encompasses almost every piece of disclosed material—satisfies its obligations under the rule. Given the immense volume of discovery and the lack of any meaningful limitation on the evidence it will actually use, this Court should compel the government to amend its broad designation of evidence or, in the alternative, order the early production of the exhibit list. Doing so will not only ensure a fair and just trial but will also conserve judicial resources by streamlining pretrial motions and reducing the risk of unnecessary delays caused by last-minute surprises.

**WHEREFORE**, Mr. Rossini respectfully requests that this Court intervene to ensure a fair trial process. The government's continued reliance on vague, sweeping designations and disorganized disclosures severely hampers the defense's ability to prepare for trial, creating an unfair and prejudicial advantage. The defense should not be forced to sift through mountains of irrelevant material or guess which evidence the government will actually rely on. To preserve the integrity of the proceedings and prevent trial by ambush, this Court should compel the government to amend its evidence designation or, alternatively, order the early production of a detailed exhibit list. Additionally, the Court should require the immediate and organized disclosure of all remaining *Jencks* and *Giglio* material, in compliance with its prior orders, to avoid further unnecessary delays and to ensure that Mr. Rossini is afforded his constitutional right to a fair trial.

Respectfully submitted,

*/s/ Lydia Lizarribar Masini*
**LIZARRIBAR MASINI LAW OFFICE**
G-14 O'Neill Street, Suite A
San Juan, PR 00918
(787) 250-7505
lizarribarlaw@gmail.com

**STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC**
Two South Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

12

/s/ *Michael B. Nadler*
Michael B. Nadler
Fla. Bar No. 51264
mnadler@sknlaw.com
*Admitted pro hac vice*

/s/ *Juan J. Michelen*
Juan J. Michelen
Fla. Bar No. 92901
jmichelen@sknlaw.com
*Admitted pro hac vice*

*Attorneys for Mark T. Rossini*

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.

/s/ *Juan J. Michelen*
Juan J. Michelen

13