THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[1] WANDA VÁZQUEZ GARCED,<br>[2] JULIO M. HERRERA VELUTINI,<br>[3] MARK T. ROSSINI,<br><br>Defendants. | CRIMINAL NO. 22-342 (SCC) |

**THE UNITED STATES' OMNIBUS RESPONSE TO DEFENDANTS' OBJECTIONS TO DESIGNATION OF EVIDENCE AND DEFENDANT MARK ROSSINI'S OBJECTION TO *JENCKS* MATERIAL PRODUCTION**

## I.  INTRODUCTION

The United States filed its Designation of Evidence on August 30, 2024.  The Designation of Evidence is 36 pages in length, 31 pages of which are devoted to a detailed list of specific items of evidence by date, description, and Bates number.  It cannot be reasonably disputed that the Designation of Evidence – which appears to be one of the most detailed designations filed in this district – meets the demands of Fed. R. Crim. P. 12(b)(4)(A).  Out of an abundance of caution, and consistent with local practice, the United States also included broader categories of evidence by source, thereby ensuring that, should it decide that it must use any evidence from these sources at trial, the defendants are on notice and able to file motions to suppress.  The law, due process, and fundamental fairness require no more.

Defendant Julio Herrera believes "[t]he Court should order the Government to identify the specific evidence it intends to present at trial, describing the document along with the corresponding Bates stamp numbers that correspond to the document, as it did for Category No. 28, Items 1-150."  Herrera's Motion, ECF No. 663, p. 2.  In other words, he wants an exhibit list

over ten months before trial. But he and his co-defendants cite no legal support for why they should be entitled to anything more. The Court should deny this request.

Separately, Defendant Mark Rossini, joined by Vazquez, objects to the United States' *Jencks* production. The United States already provided the lion's share of *Jencks* material prior to the August 30, 2024 deadline set by the Court. The August 30th production was comprised of the written statements (mostly emails) by FBI agents who may testify at trial. As it has done throughout this case, the United States did not engage in a "data dump," but rather, took a liberal and conscientious view when conducting this *Jencks* review and, if anything, over-produced out of an abundance of caution. The United States respectfully requests that these motions be denied.

## II. RESPONSE TO OBJECTIONS TO DESIGNATION OF EVIDENCE

### A. Background

At the status conference on June 3, 2024, the Court ordered the United States to file a designation of evidence by August 30, 2024. ECF No. 566. The United States complied. On August 30, it filed a 36-page Designation of Evidence. ECF No. 637. Of those 36 pages, 31 were dedicated to an itemized list of 150 specific items of evidence that the United States expects to admit at trial, along with dates, descriptions, and – in an effort to further simplify the defendants' ability to locate the items – specific Bates numbers. *Id.*, pp. 5-36. Consistent with local practice, the United States also listed other evidence categorically by sources of evidence.[1] Also, consistent with local practice, the United States "reserve[d] the right to introduce evidence not specifically listed," while also requesting "that the Court set a deadline for all parties to provide exhibit lists and exhibit binders at least three weeks prior to trial." *Id.*, p. 2 n.1.

---

[1] This included, *inter alia*, phones and emails accounts seized from the defendants, *id* at ¶¶ 1-10, records obtained from specific financial institutions, *id.* at ¶¶ 11, 22, subpoena responses from various third-party witnesses (including individuals identified in the indictment), *id.* at ¶¶ 12-21, publicly filed FEC records, *id* at ¶ 23, and attachments to and photos of the evidence itemized by Bates numbers. *Id.* at ¶¶ 24-25.

Herrera and Rossini have filed objections to the United States' Designation of Evidence, *see* Herrera's Motion, ECF No. 663, and Rossini's Motion, ECF No. 684, which have been joined by Defendant Wanda Vazquez. *See* ECF No. 686.

**B.     Discussion**

Rule 12 of the Federal Rules of Criminal Procedure provides, in relevant part, that "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." The accompanying Advisory Committee's Note states that the Rule's purpose is to ensure a defendant "can make his motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use specified evidence which the defendant is entitled to discovery under Rule 16." Fed. R. Crim. P. 12, Advisory Committee's note.  And as this Court has stated, "[t]he purpose of the government's designation of evidence is to afford the defendant an opportunity to move to suppress before trial, *see* Fed. R. Crim. P. 12(b)(4)(A)." *United States v. Martin*, 12-467 CCC-SCC, 2016 U.S. Dist. LEXIS 65610, at *6 (May 17, 2016) (Report and Recommendation).  "[I]t is not an excuse to circumvent the defendant's necessary review and analysis of the evidence designated." *Id.*; *see also United States v. De La Cruz Paulino*, 61 F.3d 986, 994 (1st Cir. 1995) ("Thus, Rule 12(d) aids defendants in complying with their Rule 12(b)(3) obligation to make motions to suppress evidence prior to trial.").  "Rule 12(d) was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3)." *De La Cruz-Paulino*, 61 F.3d at 994.

Designations of evidence filed in this district routinely list specific items of evidence, while <u>also</u> listing evidence categorically, including in the following matters:

3

- *United States v. Serrano-Delgado*, 17-cr-533-FAB, ECF No. 87 (D.P.R. April 18, 2018) – designating "[a]ll other physical and documentary evidence that has been or will be produced to the defendants in discovery, or made available for the defendants' inspection."; *see also id.*, 350 F. Supp. 3d 36, 38 (D.P.R. 2018) (rejecting the defendant's contention that "the United States' designation of evidence (DOE) is too broad");

- *United States v. Candelario-Santana*, 9-CR-427-FAB, ECF No. 1676 (D.P.R., January 23, 2023) – listing 52 categories of evidence and all contents of three cell phones; *see also id.*, 675 F. Supp. 3d 226, 245-46 (D.P.R. 2023) (holding that "[t]he United States' designation of evidence satisfies the Rule 12 requirements.");

- *United States v. Galindo-Serrano*, 925 F.3d 40, 47 n.4 (1st Cir. 2019) (noting that the government designated the entirety of its discovery in its discovery letter; "we are designating all that discovery like we're going to use that discovery on trial");

- *United States v. Cotto-Cruz*, 22-cr-213-ADC, ECF No. 1113 (D.P.R., August 18, 2023) – listing 218 categories of evidence, including entire extractions of nine cell phones;

- *United States v. Agosto-Pacheco*, 18-cr-82-FAB, ECF No. 276 (D.P.R., October 15, 2019) – listing "all wire intercepts (and associated judicial/police documents) provided in discovery";

- *United States v. Carlos Cruz Mojica*, 7-cr-453-PAD, ECF No. 346 (D.P.R. January 19, 2008) – appearing to list every item provided in "first discovery package" and "second discovery package," including 138 categories of evidence;

- *United States v. Colon-Ledee*, 09-cr-131-ADC, ECF No. 58 (July 02, 2009) – listing only "account statements and checks" for bank accounts spanning from, inter alia, 01/01/2001 to 06/29/2006; 1/01/2001 to 11/30/2006; 03/07/2002 to 4/8/2008; and simply "from commercial account."

Such "catch-all" categories which, while broad, nonetheless enable a party to evaluate whether they should file suppression motions.

The United States' designation of evidence in this case goes well beyond those typically filed in this district in its level of specificity. Thirty-one pages of the 36-page document list specific items of evidence, and provide descriptions, dates, and *exact Bates numbers*. Along with the specific items, the Designation of Evidence also provides additional evidence categorically by source, in a manner that allows the defendants to determine if there is a basis to file a motion to

suppress. *See* Designation of Evidence, pp. 3-5. This is consistent with local practice and permitted by Fed. R. Crim. P. 12(b)(4).

For Defendants, this isn't good enough. Herrera, for example, insists that "[t]he Court should order the Government to identify the specific evidence it intends to present at trial, describing the document along with the corresponding Bates stamp numbers that correspond to the document, as it did for Category No. 28, Items 1-150." Herrera's Motion, p. 2. Defendants cannot point to any requirement in this district where the United States' 12(b)(4) must include Bates numbers to facilitate the defendants' location of the evidence within their own discovery.[2] Herrera is simultaneously complaining about the United States' Designation of Evidence in this case Eand using it as his standard bearer.

Defendants provide no legal authority for why the United States should not be allowed to follow local practice and the plain language of Rule 12. The only case either Herrera or Rossini cite from this Circuit, *United States v. De La Cruz-Paulino*, had a completely different posture than this case. 61 F.3d 986, 992 (1st Cir. 1995). *De La Cruz-Paulino* concerned the government's introduction of evidence at trial for which it had not provided the defendant notice. *Id.* Affirming the conviction for lack of prejudice, the First Circuit noted that it disagreed with the district court's finding that the United States had not violated Fed. R. Crim. P. 12(b)(2)[3] for failing to provide notice simply by virtue of its open-file discovery. *Id.* at 993. In so doing, the court reaffirmed that the rule does not require the United States to provide anything more than adequate notice to file a

---

[2] While a typical discovery log will simply list the Bates range of documents for that particular production, the discovery log in this case is now 44 pages long and specifically itemizes hundreds of items and their exact Bates number. This further eases the defendants' task of finding the items listed in the Designation of Evidence. The Government will separately file a copy of its discovery log so that the Court can see the level of detail for itself.

[3] The statute has since been re-numbered, moving the provision that was located at 12(b)(2) to 12(b)(4).

motion to suppress: "Rule 12(d) 'provides a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object so that the defendant may avoid the necessity of moving to suppress evidence which the government does not intend to use." *Id.* at 993-994. And a more recent First Circuit decision further confirms the discretionary nature of Fed. R. Crim. P. 12(b)(4). *See United States v. Roy*, 375 F.3d 21, 25 (1st Cir. 2004) (finding no error in district court's denial of defendant's motion for designation of evidence).

In fact, cases where the defendants received no designation of evidence at all are far more prevalent than cases where defendants have received a more detailed designation of evidence than the one produced in this case. And while defendants continually argue that the size of discovery in this case entitles them to more than what the law requires, there are many examples of cases with several times more discovery than here where no designation of evidence was ordered. *See generally, e.g.*, *United States v. Mascheroni*, docket at 10-cr-2626 (D.N.M.) and 2017 U.S. Dist. LEXIS 180140, at *17 (D.N.M., Oct. 31, 2017) (describing discovery as including "nearly 5.8 terabytes of electronic discovery, in a non-native, non-searchable and duplicative format"); *United States v Clinton*, docket at 09-cr-00266-CMA (D. Colo.) and Dkt 75, pp. 2-3 (electronic copies of the hard drives on seven computer servers and 40 individual computers, comprising of 1.8 terabytes of data, and 20 boxes of paper documents); *United States v. Razhden Shulaya*, docket at 17-CR-350 (S.D.N.Y.) and 2018 U.S. Dist. LEXIS 232235, at *10-11 (S.D.N.Y., May 1, 2018) ("multiple terabytes of discovery"); *United States v. Farmer*, docket at 14-CR-362 (N.D., Ohio) and 2015 U.S. Dist. LEXIS 102582, at *5 (N.D. Ohio, Aug. 5, 2015) ("multiple terabytes"); *United States v. Valdez-Morales*, docket at 15-cr-56 (E.D. Tenn.) and 2016 U.S. Dist. LEXIS 27731, at *27 (E.D. Tenn., March 4, 2016); (denying request to force government to "pinpoint" discovery in

case with four terabytes of discovery); *United States v. Conley*, docket at 22-cr-147 (E.D.Va.) and 2023 U.S. Dist. LEXIS 159058, at *6 (E.D.Va., Sept. 7, 2023) (4.5 terabytes).

Additionally, defendants in cases with a higher profile and more discovery than this one also appear to never have even received a designation of evidence, including cases against the CEO of Enron, the CEO of Theranos, the owner/operator of a major pharmaceutical company, and the operator of the Silk Road darknet site. *See United States v. Skilling*, docket at 04-cr-25 (S.D. Tx.) and F.3d 529, 576 (5th Cir. 2009) (describing production of several hundred million pages of discovery); *United States v. Holmes*, docket at 18-cr-258 (N.D. Cal.) and ECF. No. 79, p. 3 (describing production of over 20 million pages of documents); *United States v. Warshak*, docket at 06-cr-111 (S.D. Ohio) and 631 F.3d 266, 297-98 (6th Cir. 2010) (describing production of three tera-drives of discovery); *United States v. Ulbrict*, docket at 14-cr-68 (S.D.N.Y.) and ECF No. 55, p. 3 (describing at least three terabytes of discovery and the need for 400 additional hours of review).

Defendants have been notified of dozens of items of evidence which the Government may seek to introduce at trial, *see* Designation of Evidence, pp. 5-36, as well as any additional potential sources of trial evidence. *See id.*, pp. 2-5. Even in the case of the broader, categorical descriptions of evidence, they fail to explain how a motion to suppress a specific item of evidence within those sources could be based on anything but the source itself, be it one of the listed phones, a subpoena return, or otherwise. And Herrera's suggestion that he "could potentially spend the entirety of the remaining time before trial sifting through documents the Government will not opt to use and move to suppress unnecessary items" is implausible. Even if Herrera found a piece of evidence upon which he had a basis to suppress that was somehow unrelated to the evidence's source, he could

7

simply confer with counsel for the United States on whether it was intending to introduce it at trial before moving for suppression.

Rule 12(b)(4) refers to suppression, not exclusion. Its purpose is not, as Rossini contends (Rossini's Motion, ECF No. 684, p. 4), to allow for the defendants to prepare motions to exclude evidence. *Cf.* Martin, 12-467 CCC-SCC, 2016 U.S. Dist. LEXIS 65610, at *3 ("Filing an objection to the government's designation of evidence is not the appropriate procedural mechanism to exclude evidence from being presented at trial."). Moreover, the risk of defendants being surprised by a trial exhibit in this case is non-existent because the Court will require the parties to exchange exhibit lists prior to trial.

Finally, the United States notes that Herrera has not completed his privilege review of material from the accounts belonging to the former president of his bank, Frances Diaz. During the status hearing on August 7, 2023, the United States requested that the Court allow the material from Diaz's accounts to be produced to Herrera's co-defendants while he performed his review of the material that hit off his filter terms, consistent with the Court's Fed. R. Evid 502(d) order. ECF No. 641, p. 18. In response, the Court gave Herrera 30 days to review this material, and then an additional 15 days to inform the United States whether it objects to producing the Diaz material to his co-defendants. ECF No. 641, p. 19. The deadline to complete the privilege review was September 6, 2024. The United States has still not received the results of that review and is therefore waiting for any material over which Herrera does not assert privilege. Herrera's defense team emailed the United States requesting a deadline extension until October 18, 2024, and the United States responded that it did not object. But evidence released by Herrera as non-privileged, or evidence for which Herrera has made a privilege assertion that the United States may challenge,

could become trial evidence. This is another reason why the United States included catch-all categories.

The United States' Designation of Evidence more than meets the requirements of Fed. R. Crim. P. 12(b)(4)(A) and is completely consistent with local practice. Defendants' motions should be denied.

### III. RESPONSE TO ROSSINI'S OBJECTION TO *GIGLIO* AND *JENCKS* PRODUCTION

#### A. Background

At the June 3, 2024 status conference, the Court also ordered the United States to produce all *Jencks* material by August 30, 2024. ECF No. 566. The United States complied. Rossini objected to the *Jencks* production,[4] Rossini's Motion, ECF No. 684, which Vazquez joined. *See* ECF No. 686.

#### A. Description

Rossini additionally objects to the United States *Jencks* production, referring to it as "another data dump." Rossini's Motion, p. 3. As an initial matter, the United States produced the most critical *Jencks* material – including agent affidavits, FBI 302s, FBI 1023s, grand jury transcripts, recordings, and cooperation agreements – prior to the Court's *Jencks* deadline of August 30, 2024. To date, the Government has provided every Government witnesses' statement in its possession. The only *Jencks* material remaining to be produced by the Court's deadline was the *Jencks* material of FBI agents who could potentially be called as trial witnesses. As it has with all of its discovery obligations in this case, the United States took an expansive view of *Jencks* in conducting its review of agent emails.

---

[4] Rossini also notes an objection to the Government's *Giglio* production. Any impeachment material in the prosecution team's possession is now in Defendants' possession. The United States has not yet done a "*Giglio* check" on potentially testifying case agents. Per standard practice, it will do so closer to trial.

Mr. Rossini and Ms. Vazquez now claim that the government – in disclosing an additional 1,400 items, including email correspondence and attachments of the FBI case agents – was a disorganized "data dump." Their motion claims that the government did not specify "which witness each document pertains to." (ECF No. 684, p. 2.). This claim is easily refuted by viewing a sample email provided in the Jencks production:

> **Follow-up: GJ Subpoena Status**
>
> From: "Colon, Lauren (SJ) (FBI)" [redacted]
> To: [redacted]
> Cc: ATT Mobility Compliance Center [redacted]
> Date: Fri, 08 Jan 2021 19:47:54 +0000
>
> Good Afternoon,
>
> I would like to follow-up on the status of a federal grand jury subpoena served on AT&T on or about 12/07/2020 (for records pertaining to Frances Diaz-Fosse et al.). I would like to confirm that the subpoena was received, and obtain information regarding the status of the responsive documents. Please advise the estimated date by which the responsive documents are expected to be produced, and do not hesitate to reach out should you need any additional information in order to fulfill the subpoena request.
>
> I thank you in advance for any information you may be able to provide regarding this matter.
>
> Best Regards,
>
> Lauren Colón
> Special Agent
> FBI – San Juan Field Office
> Public Corruption 1 Squad
> [redacted]

The speaker is the name to the right of the "from" line in the emails. Even the writer of a draft, unsigned agent affidavit can generally be inferred from the signature block. Moreover, requiring the United States to assign each email to one speaker is impossible, because many of the emails included are email chains with multiple authors.

Defendants' argument that this disclosure rises to government "obfuscation" and "concealment" (*see id*., pp. 2-3) is another example of the defendants weaponizing the United States' liberal approach to discovery production. The defendants also claim that this recent *Jencks* disclosure inhibits their ability to prepare for trial. Here, again, they complain about what has been timely, careful, and considered treatment by the United States in complying with its discovery

obligations. Defendants received their *Jencks* production many months before the previously scheduled trial date, and since then, the trial was continued an additional eight months. The United States has made a thorough *Jencks* production, and Defendants have more than ample time to review it.

## IV.     CONCLUSION

Defendants have all the notice they need to file motions to suppress. That's not what their objections to the Designation of Evidence are about. Rather, they are an attempt to force the United States to commit itself to an exhibit list over ten months before trial. They are also an attempt to force the United States to reveal and bind itself to a trial strategy, contrary to Fed. R. Crim. P. 12(b)(4)'s black letter and the First Circuit's admonition in *De La Cruz-Paulino*. Doing so would put the United States at a significant, unfair disadvantage for trial. As this Court has made clear, designations of evidence are meant to enable defendants to file motions to suppress, not to exclude evidence. The United States' Designation has done so, and it respectfully requests that the Court deny their motions.

### Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

**RESPECTFULLY SUBMITTED**, this 17th day of October, 2024.

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S Department of Justice

/s/ *Ryan R. Crosswell*
Ryan R. Crosswell (G03502)
Nicholas W. Cannon
Trial Attorneys
Department of Justice

W. STEPHEN MULDROW
United States Attorney

s/ *Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez - 218011
Assistant U.S. Attorney
Torre Chardón, Suite 1201,
350 Carlos Chardón Street
San Juan, Puerto Rico 00918

Public Integrity Section  
1301 New York Ave., NW - 10th Floor  
Washington, D.C. 20530  
(202) 616-5699  
ryan.r.crosswell@usdoj.gov

Office: 787-766-5656  
myriam.y.fernandez@usdoj.gov