IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WANDA VÁZQUEZ-GARCED [1], JULIO M. HERRERA VELUTINI [2], AND MARK T. ROSSINI [3],<br><br>Defendants. | CRIM. NO.: 22-342 (SCC) |

**OPINION AND ORDER**

Pending before the Court is a motion to dismiss by Defendant Mark T. Rossini ("Rossini"). Docket No. 676.

**I. BACKGROUND**

In August 2022, a grand jury returned a seven-count indictment charging Wanda Vázquez-Garced ("Vázquez"), Julio M. Herrera Velutini ("Herrera"), and Rossini with conspiracy, federal program bribery, and honest services wire fraud. Docket No. 3. Count One charges a conspiracy under 18 U.S.C. § 371. Counts Two and Three charge federal program bribery under 18 U.S.C. §§ 666(a)(2) and 2 and 18 U.S.C. §§ 666(a)(1)(B) and 2 respectively. Count Four charges honest services wire fraud under 18 U.S.C. §§ 1343, 1346, and 2. Counts Five, Six, and Seven are against Herrera only and

| United States of America v. | Page 2 |
| --- | --- |
| Vázquez-Garced, et al. | |

pertain to a distinct bribery scheme for which a separate trial has been ordered. Docket No. 427.

Allegedly, Vázquez, former Governor of Puerto Rico, Herrera, ultimate owner of Bancrédito, an international bank that conducted business in Puerto Rico during the time covered by the Indictment, Rossini, a professional consultant, and others who have not been indicted engaged in a bribery scheme in which Vázquez replaced the head of Puerto Rico's financial regulator ("OCIF") with a Commissioner of Herrera's choosing in exchange for Herrera providing campaign contributions and political consulting services. Docket No. 3, ¶¶ 5–8, 29–36. This personnel change followed OCIF investigations into alleged regulatory violations by Bancrédito. *Id.* at ¶¶ 25–26.

Rossini moved to dismiss under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure Counts One, Two, and Four as legally insufficient and for an evidentiary hearing. Docket No. 676. Herrera requested to join Rossini's motion. Docket No. 689. The Court granted Herrera's request. Docket No. 697. Vázquez filed an informative motion voicing

| United States of America v.<br>Vázquez-Garced, et al. | Page 3 |
|---|---|

objections to certain disclosures in Rossini's motion. Docket No. 685. The Government opposes Rossini's motion. Docket No. 733.

At the status conference held on December 12, 2024, Herrera asked for oral argument on Rossini's motion. Docket No. 772. The Government opposed the request. *Id.* "After hearing from the parties, the Court held in abeyance [the] request [for oral argument] and clarified that it will review [Rossini's] motion[] and determine if oral argument is necessary or if it will afford the parties additional time to supplement the motion[]." *Id.*

At the February 13, 2025, status conference, the Court "clarified that it did not need to hear oral argument[] or hold an evidentiary hearing to rule on [Rossini's] motion[] to dismiss." Docket No. 808, pg. 2. Rather, the Court "will rule on the papers." *Id.*

## II. LEGAL STANDARD

An indictment must be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is

| United States of America v. | Page 4 |
|---|---|
| Vázquez-Garced, et al. | |

sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend and enables him to enter a plea without fear of double jeopardy." *United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "A well-pleaded indictment can parrot 'the statutory language to describe the offense, but it must also be accompanied by such a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged.'" *United States v. Parigian*, 824 F.3d 5, 9 (1st Cir. 2016) (quoting *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012)).

"[A] court must reject arguments that embrace technical niceties at the expense of common sense." *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018). Further, "though helpful in interpreting a criminal statute," judicial gloss "need not be included verbatim in the charging document." *United States v. Troy*, 618 F.3d 27, 35 (1st Cir. 2010).

The allegations in an indictment must be taken as true at the motion-to-dismiss stage. *United States v. Guerrier*, 669

| United States of America v. | Page 5 |
|---|---|
| Vázquez-Garced, et al. | |

F.3d 1, 3–4 (1st Cir. 2011). Further, "the government need not put forth specific evidence to survive a motion to dismiss." *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015). Indeed, "a Rule 12(b) motion" is not "an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense." *United States v. Rodríguez-Rivera*, 918 F.3d 32, 35 (1st Cir. 2019). Accordingly, "a court must deny a motion to dismiss if the motion relies on disputed facts." *Stepanets*, 879 F.3d at 372. *See also* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine <u>without a trial on the merits</u>.") (emphasis added).

### III. ANALYSIS

Rossini seeks to dismiss Counts One, Two, and Four because, to him, the Government has "fail[ed] to establish" corrupt intent under 18 U.S.C. § 666(a)(2). Docket No. 676, pg. 1. § 666(a)(2) provides for fines and imprisonment for up to 10 years when someone "corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or

| | |
|---|---|
| United States of America v.<br>Vázquez-Garced, et al. | Page 6 |

Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more." "State" under § 666 "includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States." *Id.* § 666(d)(4). § 666(a)(2) thus encompasses Puerto Rico.

The Supreme Court recently addressed § 666 in *Snyder v. United States*, 603 U.S. 1 (2024). The *Snyder* Court held that, while § 666 criminalizes "<u>bribes</u> that are promised or given before the official act," it does not criminalize "<u>gratuities</u>—for example, gift cards, lunches, plaques, books, framed photos, or the like—that may be given as a token of appreciation after the official act." *Id.* at 5 (emphasis in original). The First Circuit had so decided prior to *Snyder*. *See United States v. Fernandez*, 722 F.3d 1 (1st Cir. 2013).

The *Snyder* Court found that "[t]he term 'corruptly'" in § 666 "signals that [it] is a bribery statute." 603 U.S. at 18. "[S]trongly reinforc[ing] that textual signal" are "statutory

| United States of America v. | Page 7 |
|---|---|
| Vázquez-Garced, et al. | |

history, statutory structure, statutory punishments, federalism, and fair notice." *Id.* All these "together establish that § 666 is a bribery statute." *Id.* And as the Supreme Court has held in the context of 18 U.S.C. § 201, on which § 666 was based, *see Fernandez*, 722 F.3d at 20, bribery requires "a quid pro quo—a specific intent to give or receive something of value in exchange for an official act," *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404–05 (1999) (emphasis in original).

Rossini argues that "the government's own evidence and timeline undermine their [sic] claim of a corrupt scheme between Rossini, Herrera, and Vázquez." Docket No. 676, pg. 2. Citing *Snyder*, Rossini argues that "[t]he Supreme Court has made it clear that for an act to be considered 'corrupt,' there must be an agreement in place before the 'official act' takes place." *Id.* He posits that, "[d]espite two years of exhaustive litigation, including the review of millions of documents, grand jury transcripts, FBI reports, recorded conversations, and other discovery materials, the government has produced no evidence that such a corrupt agreement—or the requisite

| United States of America v.<br>Vázquez-Garced, et al. | Page 8 |
|---|---|

'corrupt intent'—existed." *Id.* at pgs. 2–3. Rossini discusses the evidence at length, Docket No. 676, pgs. 3–20, 28–39, and the motion and the exhibits with which it comes are a total of 318 pages. Rossini sees what transpired as constitutionally protected political activity in the form of campaign contributions and lobbying. *See id.* at pgs. 24–28. And to him, "the Indictment's most glaring deficiency" is "its failure to establish . . . 'corrupt intent.'" *Id.* at pg. 1.

Contrary to Rossini's assertion, § 666(a)(2) "does not require a belief that there was a completed agreement." *United States v. O'Donovan*, 126 F.4th 17, 44 (1st Cir. 2025). Rather, "the offeror, provided he acts with corrupt intent, 'completes the crime' of federal programs bribery upon the offering of a bribe 'even if the payee does nothing or immediately turns him in to law enforcement.'" *Id.* (quoting *United States v. Suhl*, 885 F.3d 1106, 1113 (8th Cir. 2018)).

More fundamentally, Rossini's motion "relies on disputed facts," and the Court thus "must deny" it. *Stepanets*, 879 F.3d at 372. Corrupt intent under § 666(a)(2) "is an issue of fact for the jury." *United States v. Sidoo*, 468 F.Supp.3d 428,

| United States of America v. | Page 9 |
|---|---|
| Vázquez-Garced, et al. | |

444 (D. Mass. 2020). Or as one court recently noted in the § 201 context, "'bribes are seldom accompanied by written contracts, receipts or public declarations of intentions,'" and "[t]he jury . . . may make reasonable inferences from the evidence." *United States v. Menendez*, 759 F.Supp.3d 460, 494 n. 14 (S.D.N.Y. 2024) (quoting *United States v. Friedman*, 854 F.2d 535, 554 (2d Cir. 1988)).

## IV. CONCLUSION

It may well be true, as Rossini contends, that the Government "has wrongly tried to portray lawful political advocacy as 'corrupt intent.'" Docket No. 676, pg. 39. But that is for the jury, not the Court, to decide. A motion to dismiss is not "a way to test the sufficiency of the evidence behind an indictment's allegations." *Guerrier*, 669 F.3d at 4. Accordingly, the motion to dismiss at Docket No. 676 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of June 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE